### *In re* CLARK.

(*Supreme Court, General Term, Fourth Department.* November, 1890.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE—FINDINGS OF SURROGATE.
     An executrix elected to have her appeal from the decree of a surrogate on her accounting, "heard on the decision of the surrogate, and the decree and questions of law only;" and no case containing the evidence was presented. *Held,* that findings of fact by the surrogate could not be reviewed, nor exceptions thereto considered, though mentioned in the notice of appeal.

2. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—INTEREST.
     An indebtedness from one of two executrices to the testator, existing at the time of his death, was not paid by her to her co-executrix, and continued, after the death of the latter, until an accounting by the survivor. *Held,* that she was properly charged with interest thereon, as well as with the principal.

3. SAME.
 A mortgage held by a testator was collected by his widow, who was one of his executrices, and the proceeds were immediately reinvested by her in another mortgage, which, on the death of the widow, passed to her co-executrix, who collected it, and used the money for her own benefit. *Held* that, on an accounting by the surviving executrix, she was chargeable with the sum realized, with interest, although the widow had power, under the will, to apply the proceeds of the original mortgage for her support during her life-time.

Appeal from surrogate's court, Chenango county.

Ellen A. Clark, surviving executrix of the will of Hiram Schrom, deceased, appeals from a decree of the surrogate on the final judicial settlement of the accounts of such surviving executrix. After the appeal was taken, the appellant elected to have it "heard on the decision of the surrogate, and the decree and the questions of law only." Two clerical errors crept into the decree, amounting to $13.05, and it is conceded that the decree is erroneous to that extent, and that the amount to be divided according to the decision of the surrogate should be $1,724.41, so as to give to each distributee $431.10¼ instead of $434.36, as mentioned in the decree, and the summary accompanying the same.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Edward K. Clark*, for appellant. *W. C. Moulton* and *George W. Ray*, for respondent.

HARDIN, P. J. No case containing the evidence given before the surrogate is presented to us upon this appeal, and we may not review the findings of fact made by the surrogate; nor need we consider the exceptions to findings of fact mentioned in the notice of appeal served by the appellant. See section 2545 of the Code of Civil Procedure. It seems, by the findings, that the appellant was indebted to Hiram Schrom, the deceased, at the time of his death, and that she did not pay such indebtedness to her co-executrix during her life-time, and apparently that indebtedness continued against the appellant down to the time of the statements of the accounts by the surrogate; and we are of the opinion that the surrogate properly held that the appellant was chargeable with interest on such indebtedness, and that she was chargeable with the principal thereof. *Adair* v. *Brimmer*, 74 N. Y. 539; *Baucus* v. *Stover*, 89 N. Y. 1.

It appears by the seventeenth finding of fact made by the surrogate that the testator held, at the time of his death, a mortgage in the sum of $800, and that on April 30, 1879, his widow, then the co-executrix with the appellant, collected that mortgage, and reinvested the proceeds thereof at once in a mortgage given by one Graves; that mortgage passed, after the death of the widow, the co-executrix, into the hands of the appellant, and she collected the same, and used the moneys collected thereon for her own benefit. She was therefore properly chargeable with the sum realized; and we think she was properly chargeable with interest thereon. If the co-executrix, under the powers and privileges given to her by the will of her husband, had used up the proceeds of the Dimick mortgage for her support during her life-time, doubtless the respondents here would have had no remedy; but she did not use up the proceeds. She continued the proceeds, and the same was an asset passing from her hands to the hands of the appellant, and the appellant was therefore properly required to account for the same. *Greyston* v. *Clark*, 41 Hun, 125. As near as we can understand from the appeal-book, the summary made by the surrogate conforms to the findings of fact made by him, and his conclusions seem to be proper. We think, however, his decree, and the summary accompanying the same, should be amended so as to make the correction of $13.05, to which we have already referred, and for such purpose the proceedings should be remitted to the surrogate's court, to the end that the surrogate may revise the decree in that respect upon notice

of five days given by either party to the other; in the other respects the decree should be affirmed.   Modification should be directed in the decree in the sum of $13.05, to be made by the surrogate of Chenango county, and in the other respects the decree is affirmed, without costs.   All concur.