### KEEGAN et al. v. SMITH.

(City Court of New York, General Term. April 30, 1900.)

1. EXECUTORS AND ADMINISTRATORS—DEBTS DUE BY ADMINISTRATOR—SURETIES' LIABILITY.

Under 2 Rev. St. p. 84, § 13, imposing a liability on an executor or administrator for any just claim due by him, the same as for so much money in his hands, the sureties of an administrator are liable as for so much money received for judgments due by the administrator to his intestate, which the evidence shows he was able to pay, and which he was legally decreed to pay by the surrogate's court.

2. SAME—EVIDENCE—SUFFICIENCY—FINDINGS.

Evidence showing that an administrator, about five or six months before his intestate's death, received sums of money amply sufficient to enable him to pay judgments due by him to his intestate, and that on his accounting before the surrogate the referee inquired as to his ability to pay such judgments, and reported that he should have accounted therefor, and the surrogate decreed that he should be personally charged therewith, was sufficient to sustain a finding that such administrator was able to pay such judgments, and should be charged with the same.

Appeal from special term.

Action by James Keegan and others against John Smith and others to recover on an administration bond. From a judgment in favor of the plaintiffs, defendant John Smith appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Andrew M. Clute, for appellant.
Dennis McMahon, for respondents.

SCHUCHMAN, J. This is an action brought by all the next of kin of James Keegan, deceased, except the defendant Michael Keegan,

who is the administrator of said James Keegan, deceased, against John Smith and Edward McGuire, who are the sureties of said administrator's bond. John Smith only defends. The issues herein, with the exception of one, have been discussed and decided by the appellate division on a former appeal. See McMahon v. Smith and Keegan v. Smith, 24 App. Div. 25, 49 N. Y. Supp. 93. The defense or issue which constitutes the one exception above mentioned is set up in an amended answer, interposed after the decision of the above-cited cases, and is as follows: That the surety of the administrator is not liable for the three judgments obtained by the administrator's intestate in her lifetime against the administrator, because the latter was at the time of the death of the intestate, and ever since has been, insolvent, and wholly unable to pay said indebtedness. The liability imposed by 2 Rev. St. p. 84, § 13, is as follows:

"Any just claim which a testator had against one named as executor of his will [or who is appointed administrator] shall be included in the inventory, 'and such executor shall be liable for the same as for so much money in his hands, * * * and he shall apply and distribute the same in the payment of debts,' etc. An executor, although insolvent at the time of his appointment, is bound to account for a debt so due from him, and should be charged therewith on settlement of his accounts as for so much money in his hands."

It has been held that under this statute the liability of an executor or administrator is a qualified one, and that, if the proofs show that the executor was wholly unable to pay his debt to the estate, for want of property, he cannot be punished for contempt, nor would he be guilty of embezzlement. Baucus v. Stover, 89 N. Y. 5; Baucus v. Barr, 45 Hun, 582, affirmed in 107 N. Y. 624, 13 N. E. 939. The executor or administrator is, however, subject to all provisions of law applicable to the enforcement of decrees and orders of surrogates relating to the estate and its property, when he has received property, or ought to have received it by the exercise of proper diligence, as enjoined upon an executor or administrator by law. The question now is: "Will the surety of an administrator be held responsible for the latter's debts to the estate as for so much money received?" Certainly he will be, provided it was established by the evidence that by proper diligence and faithful execution of the trust on the part of the executor or administrator he ought to have or could have so much money in his hands. The evidence adduced at the trial is sufficient to sustain the sixth finding of the court, to wit: "That the debts were due from him to said estate, as he was able to pay them, and that the said administrator should be charged with the same." There is evidence that the administrator, about five or six months before the deceased's death, disposed of a liquor store at $5,250, and sold a horse for about $700 to $800, and that from $2,000 to $3,000 of that money was deposited in his wife's name in a savings bank. From this the inference may well be drawn that the administrator was able to pay the three judgments owing by him to the estate. Furthermore, the question of the administrator's ability to pay was inquired into by the referee, Bradley, on the administrator's accounting before the surrogate; and the said referee's report, with the evidence taken by the referee annexed, and surrogate's decree thereon, were put in

evidence herein. Said referee did report in his fifth finding that the administrator should have accounted for said judgments and debts due said estate from him, and the said surrogate's decree entered on said report and evidence annexed adjudges that the administrator should account for such judgments, and should be personally charged therewith; and the evidence then before the surrogate warranted said conclusion. On the former appeal (24 App. Div. 25, 49 N. Y. Supp. 93) the appellate division held that this decree is conclusive upon the administrator and also upon the surety, who is in privity with the administrator. For said indebtedness on the part of the administrator his surety is liable, because the surety's obligation under the bond is conditioned upon "Michael Keegan [the administrator] faithfully executing the trust reposed in him as administrator of all and singular the goods, chattels, and credits of Jane Keegan, deceased, and obeying all lawful decrees and orders of the surrogate's court of the city and county of New York touching the administration of the estate committed to him." The administrator failed to fulfill either of the said two obligations. His failure makes the surety liable.

Judgment affirmed, with costs.

FITZSIMONS, C. J., concurs.