(33 Misc. Rep. 74.)

KEEGAN et al. v. SMITH.

(Supreme Court, Appellate Term.   November 21, 1900.)

1. ADMINISTRATORS—INDIVIDUAL DEBT—SURETY—LIABILITY.

Code Civ. Proc. § 2714, provides that naming a person as executor shall not discharge any just claim which testator had against him, but that he shall be liable therefor "as for so much money in his hands." The trial court, in a suit against an administrator's surety, found that the referee to whom the surrogate referred the accounting reported "that the administrator was indebted to the estate on three several judgments, * * * and that the said administrator should have accounted for such judgments as debts due from him to said estate, as he was able to pay them." The referee's report, however, showed that the administrator's ability to make the payment was not passed on. *Held*, that a mere adjudication by the surrogate, on receipt of the referee's report, that the administrator was indebted to the estate, could not fix the liability of the administrator's surety, without a showing that the administrator was able to pay the debt, or could have collected it by due diligence.

2. APPEAL—FINDING OF FACT—NECESSITY.

Though, in a suit against an administrator's surety to recover a sum owed the estate by the administrator for an individual debt, the opinion of the lower court recited evidence which tended to show the administrator's ability to pay the debt, such evidence could not be considered to support a judgment against the surety, there being no such finding of fact.

Appeal from city court of New York, general term.

Action by James Keegan and others, next of kin of James Keegan, deceased, against John Smith, impleaded, etc., surety on the bond of deceased's administrator. From a judgment of the general term of the city court of the city of New York (64 N. Y. Supp. 1117) affirming a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

Andrew M. Clute (George S. Hamlin, of counsel), for appellant. Dennis McMahon, for respondents.

GIEGERICH, J.   The questions here presented for review were disposed of upon a former appeal (McMahon v. Smith, 24 App. Div. 25, 49 N. Y. Supp. 93; Keegan v. Same, Id.), excepting those relating to the defense that the administrator was at the time of the death of the intestate, and ever since has been, unable to pay the judgments which the latter had secured against him, and that he could not by the exercise of due diligence have collected the same, or any part thereof, which defense is set up in the amended answer served since the decision of the earlier appeal. The trial court, by the sixth finding of fact, among other things, found that the referee to whom the surrogate referred the questions arising upon the settlement of the administrator's account had reported:

"That the administrator was indebted to the estate for three several judgments recovered by the deceased against the said administrator in her lifetime, viz. on the 5th day of October, 1888, for $155.92, with interest from said date; on the 5th day of October, 1888, for $218.67, with interest from said date; on October 5, 1888, for $218.67, with interest from said date,—and that

the said administrator should have accounted for said judgments as debts due from him to said estate, as he was able to pay them, and that the said administrator should be charged with the same, and with certain other items."

It will be perceived that these findings are not of the facts themselves, but are merely a statement that the referee had so found them. A bare inspection of the latter's report, however, shows that the referee did not pass upon the administrator's ability to pay the judgments in suit, and hence the statement contained in such sixth finding that the administrator "was able to pay them" is without foundation.

It is urged, however, by the respondents, that the surrogate's decree upon the accounting, adjudging that the administrator "should have accounted for such judgments as debts due said estate from him, and should be personally charged therewith," binds the sureties upon the administrator's bond. The liability imposed upon an executor by section 2714 of the Code of Civil Procedure, which superseded 2 Rev. St. p. 84, § 13, for his own indebtedness to the estate, is independent of the performance of his duty. It provides that the naming of a person as executor in a will does not operate as a discharge or bequest of any just claim which the testator had against him, but that such claim shall be included among the credits and effects of the deceased in the inventory, and the executor shall be liable for the same as for so much money in his hands at the time the debt or demand becomes due, and he must apply and distribute the same in the payment of debts and legacies, and among the next of kin, as part of the personal property of the deceased. The principle embodied in these provisions of the Code is equally applicable to administrators; the necessity for such rule, which is "to obviate all difficulty, doubt, embarrassment, and the incongruity of requiring a personal representative to proceed against himself for the collection of a debt," being equally just in both cases. In re Daggett, 1 Misc. Rep. 250, 22 N. Y. Supp. 911. Although the executor or administrator may be adjudged to be personally liable for the debt, "as for so much money in his hands," yet, for the purpose of administration, such debt "will not for all purposes stand on the same footing as if he had actually received so much money"; and, if he be wholly unable to pay the money pursuant to the order or decree of the surrogate, he cannot be punished for a contempt of court, nor would he be guilty of embezzling the money. Baucus v. Stover, 89 N. Y. 1, 5. However, these considerations apply solely to the personal liability of the executor or administrator under a decree made pursuant to the above-quoted provisions. His liability under such a decree and the liabilities of the sureties upon his official bond are essentially different. Baucus v. Barr, 45 Hun, 582, 586, affirmed in 107 N. Y. 624, 13 N. E. 939; McMahon v. Smith, 24 App. Div. 37, 49 N. Y. Supp. 93. The reason for the distinction is obvious. The sureties merely bind themselves for the executor's or administrator's obedience to all decrees or orders of the surrogate "touching the administration of the estate committed to him." Their obligation upon such a bond cannot be enlarged by implication, and hence it cannot be fairly

said that liability for the executor's or administrator's indebtedness to the estate, as for money in hand, was within the purview of the bond, or within the contemplation of the persons executing it, or within the law pursuant to which it was required and given. The sureties do not by executing the bond guaranty the payment of such debt, but only assure obedience by the executor or administrator to the surrogate's decrees or orders respecting the administration of the estate. As was said in Baucus v. Barr, 45 Hun, 587:

"The provisions of the statute declaring that a debt due from an executor to the estate shall be treated, in the rendering of his account, as money in hand, must be construed with reference to the ordinary obligation, which imposed on him only diligent, faithful, honest action touching the administration of the estate committed to his charge."

In this view, a mere adjudication by the surrogate that the executor or administrator is indebted to the estate does not establish the liability of the sureties upon his bond; and a breach of the bond in suit is not established until it is shown that the administrator was of sufficient pecuniary ability to pay the debt, or that by the exercise of due diligence he could have collected the same.

The general term below, recognizing these principles, held that the evidence was sufficient to sustain the said sixth finding of fact. As I have stated, this finding merely contained a statement of what the referee in the surrogate's court had reported, and the statement that this referee had found that the administrator was able to pay the judgment is without foundation. No evidence upon this subject was adduced before the referee, and, therefore, even had a finding with respect thereto been made, it would have been unwarranted. But the referee made no finding whatever with regard to the ability of the administrator to pay the judgments in question, and consequently the exception noted by the appellant to the finding of the trial court that the referee had reported to the surrogate's court that said administrator was able to pay the judgments in suit was well taken. The case is therefore destitute of a finding that the administrator was able to pay the judgments, and in the absence of a finding of this essential fact the judgment cannot be sustained. Baucus v. Barr, supra.

In the opinion handed down by the general term below, certain items of evidence were recited, from which the inference may be drawn that the administrator was of sufficient pecuniary ability to pay the judgments in controversy; but, since the trial court made no such finding of fact, the evidence in question cannot be considered in support of the conclusions of law (Foote v. Valentine, 48 Hun, 476, 1 N. Y. Supp. 410), which read as follows:

"First. The defense having conceded in his argument on this trial that the surrogate of New York had jurisdiction to make the decree of August 29, 1895, but seeking to attack it by an action by the next of kin for its enforcement, I hold that this cannot be done. The decree, while it stands, is conclusive, however hard its provisions may seem. Second. I therefore render judgment for plaintiffs against John Smith for $639.20, the distributive share of the plaintiffs, and interest thereon from August 29, 1895, being 4 years, 6 months, and 11 days, amounting to $173.74,—in all $812.94,—and costs of this action, to be adjusted, and also 5 per cent. allowance on the recovery."

The judgment of the trial court is thus squarely based upon the theory that the decree of the surrogate's court is conclusive and binding upon the sureties. Hence there is no room for the presumption that the trial court found and considered the ability of the administrator to pay the judgments in question. Moreover, the position taken by the respondents upon the trial, as well as upon this appeal, excludes such hypothesis.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.