Matter of the Judicial Settlement of the Account of NATHAN E. DAVIS, as Administrator, etc., of STEPHEN W. DAVIS, Deceased.

(*Surrogate's Court, Chenango County, February,* 1902.)

ACCOUNTING—INTEREST ON AN ADMINISTRATOR'S DEBT TO HIS INTESTATE.

An administrator indebted to his intestate, his father, at the time of his death upon matured outstanding bonds secured by mortgages given to him by the administrator and bearing five per cent. interest, is chargeabl as against the next of kin with interest on the unpaid principal at the same rate up to the date of the decree made on his judicial settlement.

Where he has never paid anything on the debt since the death of the father he cannot stop interest, as of the time of his own appointment as administrator, by crediting the estate as of that date with the amount then due on the bonds and mortgages for principal and interest, as for so much money in his hands, and charging himself with the same amount as a payment on his own distributive share in the estate.

Such a method of computation is not authorized by Code C. P., § 2714, declaring that " the naming of a person executor in a will does not operate as a discharge or bequest of any just claim which the testator had against him," etc.

Proceedings on judicial settlement of the accounts of an administrator. Stephen W. Davis died intestate, March 23, 1901. His next of kin were William W. Davis and Nathan E. Davis, sons, and Sarah E. Hotchkiss, a daughter. The sons were appointed administrators April 12, 1901. Nathan E. Davis was indebted to the decedent on two bonds secured by mortgages, the principal of which aggregated $1,800, together with certain interest. Both bonds were past due. On his appointment as such administrator, he charged himself with the principal of said bonds and interest thereon to the time of his father's death, as so much money in his hands. It is conceded by him that he should have charged himself with interest at the time of his appointment as administrator. November 25,

1901, he filed with this court a petition and final account of his proceedings as such administrator, upon which a citation was issued and this proceeding was instituted. In such account the estate was credited with the amount of the principal of said bonds, together with interest to the time of the death of Stephen W. Davis, as money in the hands of said administrator arising from demands due the estate. The amount of said bonds, principal and interest, was charged against the distributive share of the said Nathan E. Davis as one of the next of kin of the deceased.

Sarah E. Hotchkiss filed objections to the said account and claims that said Nathan E. Davis should be charged with interest on said bonds to the time of the actual distribution.

Eugene Clinton, for administrator.

Albert Hotchkiss, for contestant, Sarah E. Hotchkiss.

GLADDING, S.—Stephen W. Davis, the above-named intestate, died March 23, 1901. Letters of administration were issued to Nathan E. Davis and William W. Davis, April 12, 1901. The deceased left him surviving said Nathan E. Davis, William W. Davis, and Sarah E, Hotchkiss, his children and only heirs-at-law. He left no widow. This accounting is made by the administrator, Nathan E. Davis, his co-administrator, William W. Davis, having, so far as appears, taken no part or action in the administration of the estate.

At the time of the decedent's death, the administrator, Nathan E. Davis, was indebted to him upon two bonds and mortgages given by the administrator to decedent, both of which mortgages were due, and the principal sum remaining unpaid was $1,800, and said principal was drawing interest at the rate of five per cent.

The said Nathan E. Davis, administrator, filed his petition and account, whereby he commenced this proceeding November

25, 1901, and the citation issued thereon was returnable December 16, 1901. The citation was duly served upon all the persons interested, and the matter was thereupon by consent adjourned until January 20, 1902, at which time said Nathan E. Davis, administrator, filed a supplementary account herein. Whereupon the matter was again adjourned to January 27, 1902, at which time the said Sarah E. Hotchkiss by Albert Hotchkiss, her attorney, filed objections to the said accounts, alleging that the same were erroneous in that they failed to charge said ad-administrator with the proper sum received, or chargeable against him for interest.

It appears by the supplemental account that the total sum distributed to the three children is $11,005.87, from which is to be deducted before distribution, the commissions of the administrators and expenses of this accounting. It also appears that there has already been distributed to the three children of the decedent the following sums:

| | | |
|---|---:|---:|
| To William W. Davis | $1,439 | 92 |
| To Nathan E. Davis | 2,490 | 30 |
| To Sarah E. Hotchkiss | 578 | 45 |
| Total | $4,508 | 67 |

The said Nathan E. Davis in his account filed as aforesaid credits the estate with the amount of said two mortgages principal and interest thereon at five per cent. to March 23, 1901, the date of the death of his intestate, as so much money in his hands, and in his said final account the said Nathan E. Davis charged the same amount to himself as a part of his distributive share of said estate.

It does not appear that said Nathan E. Davis has ever paid said bonds and mortgages to the estate, or to his co-administrator, or that he has ever placed the amount of money represented by them in the funds of said estate except by crediting

the estate with the amount and charging the same to himself as aforesaid.

The question raised by the contestant's objections is whether said Nathan E. Davis should be charged, in addition, the amount of interest accruing upon said mortgages from the death of said intestate to the time of this accounting, or, as claimed by the contestant in his brief, whether the administrators should be charged with interest on the moneys distributed by them in excess of the amount that has been distributed to Sarah E. Hotchkiss as hereinbefore stated.

Counsel for the administrator claims that by reason of section 2714 of the Code of Civil Procedure, said administrator, Nathan E. Davis, was authorized and justified in crediting the amount of the mortgages at the time letters were issued to him to the estate as so much money in his hands, and in the preparation of his account charging the same amount as having been distributed to himself, and that he is not liable for interest upon said $1,800 from, and after the time letters of administration were issued to him, nor for interest upon the amount distributed to himself in excess of that distributed to the others. That portion of section 2714, which he cites as a warrant for this treatment by the administrator of the amount due upon the mortgages as aforesaid reads as follows: " The naming of a person executor in a will does not operate as a discharge or bequest of any just claim which the testator had against him; but it must be included among the credits and effects of the deceased in the inventory, and the executor shall be liable for the same as for so much money in his hands at the time the debt or demand becomes due, and he must apply and distribute the same in the payment of debts and legacies, and among the next of kin as part of the personal property of the deceased."

After having given careful consideration to the questions involved, and due examination of the briefs of counsel for the respective parties, and the authorities cited by them, I hold and decide:

*First.* The statute above quoted, and upon which the administrator's counsel relies to relieve him of this interest, is not applicable to administrators.

*Second.* Had the statute included administrators, as well as executors, it would not relieve him, and an executor would be chargeable with such interest under the same circumstances.

*Third.* It is not equitable, just and fair to the other next of kin to absolve him from accounting for such interest.

1. It will be observed that the language of the Code above quoted specifies executors, and does not refer to administrators. It is a re-enactment of a provision of the Revised Statutes which was originally enacted for the purpose of changing the common-law rule, which theretofore prevailed, to the effect that when a creditor named his debtor as executor of his will, upon the issuing of letters testamentary to him the debt became discharged. No such rule ever prevailed in respect to administrators, hence the statute was not made to apply to administrators. There is no statute of like import in respect to administrators.

In Keegan v. Smith, 33 Misc. Rep. 76, it was said that, " The *principle* embodied in these provisions of the Code is equally applicable to administrators." This is true, but only to the extent of requiring them to account for their own indebtedness to the estate to the same extent, and with the same justice and value to the estate as though the debt or obligation had been that of some person other than the administrator. If the case last referred to holds more than that it is erroneous, but I do not think it does, or that there is any case that goes farther than that.

In Soverhill v. Suydam, 59 N. Y. 142, it is said that when an executor has paid out the monys due from him to the estate in due course of administration, that then, and not till then is his indebtedness discharged. " But before this is done, it was not in our judgment the intention of the legislature, while

preserving the debt, to discharge liens by 'which it might be secured. Subjecting the executor, as between him and those interested in the estate, to liability for his debt as for so much money in his hands, does not necessarily discharge a lien on real estate by which the debt may be secured. That provision merely superadds to his original obligation, a liability to account as executor for the amount of the debt, and was intended to facilitate the administration, and *for the benefit of the estate, and not for that of the executor or of his individual creditors who may have subsequent liens upon his property. It certainly would not be so treated in a proceeding of an equitable nature, like the present. That the debt and lien may under the very terms of the act, exist in their original form after the debtor has entered upon the duties of his office, is apparent.*"

In Baucus v. Barr, 45 Hun, 587, the court say: "We are of the opinion that the provision of the statute declaring that a debt due from an executor to the estate shall be treated, in the rendering of his account, as money in hand, must be construed with reference to the ordinary obligation, which imposed on him only diligent, faithful, honest action touching the administration of the estate committed to his charge."

In Baucus v. Stover, 89 N. Y. 5, the court say: "While the debt must be treated as money in his hands for the purpose of administration it will not for purposes stand on the same footing as if he had actually received so much money."

It thus seems certain that it was never intended that the statute in its application to executors even, nor the principle of the statute in its application to administrators should be a law or rule by which some *advantage* could accrue to a representative debtor which he would not have but for the statute, and by which there would inure to him inequitable benefits over other beneficiaries of the estate.

Clearly, such would be the result if the rule contended for by the administrator in this case should prevail.

Matter of Clark, 11 N. Y. Supp. 911; S. C., 34 N. Y. St.
Repr. 523 (decided by the General Term of this Department,
Judge Hardin writing the opinion), was a case of two executors,
one of whom was indebted to the estate at the time of the tes-
tator's death, and the debtor executor did not pay the debt to
his coexecutor, or put the money to pay the debt into the
funds of the estate, and it was held that such executor was
chargeable with interest on such indebtedness *down to the time
of the accounting,* The question of charging the executor with
such interest was directly passed upon.

Under the authorities above cited it is clear that were this
representative an executor, he could not acquire under the
statute or otherwise, this advantage over legatees, or other bene-
ficiaries by reason of his indebtedness to the estate; that is, the
advantage of having his share of the estate paid at once upon
his appointment by the canceling of his own interest-bearing
debt; however, not being an executor, but being an *administrator*
he cannot have whatever protection (if any) the statute affords
to an executor, as the statute was intended to, and does apply
solely to executors by its terms.

The administrator has had the benefit of the interest on these
two mortgages.  He has not paid them, and, therefore, has had
the use of the money due upon them, to the same extent, and
same advantage to himself since the death of his intestate as
before; and to the same extent and advantage that would have
pertained had his intestate lived until this time.  If the money
due upon these mortgages is regarded the same as though paid
into the estate by him, then, in that case he has had the use of
the money and benefit of such money to the same advantage
to himself as though he had received it, and immediately loaned
it out at five per cent., and received the interest thereon until
this time.

A general and underlying principle, which it is always wise
to adhere to, and safe to tie to under almost any circumstances,

is that a trustee, executor, administrator, or guardian cannot so use the property of the estate he represents as to make any profit, or receive any advantage to himself over others interested in the estate.

In this case this administrator in his account, as made up by him, clearly received the advantage of the interest accruing upon these mortgages from the time of the intestate's death until distribution over that of his sister, Mrs. Hotchkiss, who is equally entitled with him to share in the assets of the estate.

This $1,800 being well invested, and payment of which could be had and declared at any time when the same should be needed for actual distribution by crediting the estate with the amount, and charging the same to Nathan E. Davis' distributive share, it was the duty of the administrator to leave it so invested until required in actual distribution. If, on the other hand, it should be claimed that because these mortgages were due, that the debtor administrator had the right to pay them at any time, then he could only properly discharge them, and stop the running of interest upon them by actually paying the money into the estate, and thereby increasing the fund on hand for distribution, and placing himself in a position where a distributee, equal with himself, would have the right to demand a distributive share of this $1,800, and interest.

Under the rule above alluded to, that an administrator shall not so manage the estate as to make any advantage to himself over other distributees equally entitled, it is at least doubtful whether he could rightfully distribute moneys to himself in an amount in excess of that distributed to Mrs. Hotchkiss without being liable for the interest on such excess.

But, I think, it is clearer and better to hold that he should account for the interest upon the mortgages from the time of his intestate's death to the entry of the decree herein.

Much more might be said in support of this contention, but the foregoing is sufficient to show that it is equitable, and right

to charge this administrator with interest upon the mortgages, and that the statute relied upon by him does not relieve him therefrom.

There should be added to Schedule A of the supplemental account the amount of the interest upon $1,800, at five per cent., from March 23, 1901, to the time of the entry of the decree herein.

If the respective counsel fail to agree upon a decree, in accordance with this decision, the same will be settled by the surrogate upon five days' notice.

Decreed accordingly.