(Surrogate's Court, Chenango County. February, 1902.)

1. ADMINISTRATORS—DEBT DUE ESTATE—INTEREST.

    Where an administrator is indebted to his intestate at the time of his death on certain mortgage bonds, bearing 5 per cent. interest, he is chargeable, as against the next of kin, with interest at the same rate up to the date of the decree made on the judicial settlement.

2. SAME.

    Where an administrator is indebted on mortgage bonds to his intestate, and has paid nothing thereupon up to the time of the death of his decedent, he cannot, by crediting the estate, as of the date of the death, with the amount then due on the mortgage, as so much money

on his hands, and charging himself with the same amount as a payment on his distributive share, stop interest on the debt.

In the matter of the judicial settlement of the account of Nathan E. Davis, administrator of Stephen W. Davis. Decree rendered.

Eugene Clinton, for administrator.

Albert Hotchkiss, for contestant Sarah E. Hotchkiss.

GLADDING, S. Stephen W. Davis, the above-named intestate, died March 23, 1901. Letters of administration were issued to Nathan E. Davis and William W. Davis April 12, 1901. The deceased left, him surviving, said Nathan E. Davis, William W. Davis, and Sarah E. Hotchkiss, his children and only heirs at law. He left no widow. This accounting is made by the administrator Nathan E. Davis; his coadministrator, William W. Davis, having, so far as appears, taken no part or action in the administration of the estate. At the time of the decedent's death the administrator Nathan E. Davis was indebted to him upon two bonds and mortgages given by the administrator to decedent, both of which mortgages were due, and the principal sum remaining unpaid was $1,800; and said principal was drawing interest at the rate of 5 per cent. The said Nathan E. Davis, administrator, filed his petition and account, whereby he commenced this proceeding, November 25, 1901, and the citation issued thereon was returnable December 16, 1901. The citation was duly served upon all the persons interested, and the matter·was thereupon, by consent, adjourned until January 20, 1902, at which time said Nathan E. Davis, administrator, filed a supplementary account herein. Whereupon the matter was again adjourned to January 27, 1902, at which time the said Sarah E. Hotchkiss, by Albert Hotchkiss, her attorney, filed objections to the said accounts; alleging that the same were erroneous, in that they failed to charge said administrator with the proper sum received or chargeable against him for interest. It appears by the supplemental account that the total sum distributable to the three children is $11,005.87, from which is to be deducted before distribution the commissions of the administrators and expenses of this accounting. It also appears that there have already been distributed to the three children of the decedent the following sums:

To William W. Davis............................................$1,439 92
To Nathan E. Davis............................................ 2,490 30
To Sarah E. Hotchkiss........................................ 578 45

  Total .....................................................$4,508 67

The said Nathan E. Davis, in his account filed as aforesaid, credits the estate with the amount of said two mortgages, principal and interest thereon at 5 per cent. to March 23, 1901, the date of the death of his intestate, as so much money in his hands; and in his said final account the said Nathan E. Davis charged the same amount to himself as a part of his distributive share of said estate. It does not appear that said Nathan E. Davis has ever paid said bonds and mortgages to the estate or to his coadministrator, or that he has ever placed the amount of money represented by them in the funds of said estate, except by crediting the estate with the amount and charging

the same to himself as aforesaid. The question raised by the contestant's objections is whether said Nathan E. Davis should be charged, in addition, the amount of interest accruing upon said mortgages from the death of said intestate to the time of this accounting, or, as claimed by the contestant in his brief, whether the administrators should be charged with interest on the moneys distributed by them in excess of the amount that has been distributed to Sarah E. Hotchkiss, as hereinbefore stated. Counsel for the administrator claims that, by reason of section 2714 of the Code of Civil Procedure, said administrator Nathan E. Davis was authorized and justified in crediting the amount of the mortgages at the time letters were issued to him to the estate as so much money in his hands, and, in the preparation of his account, charging the same amount as having been distributed to himself, and that he is not liable for interest upon said $1,800 from and after the time letters of administration were issued to him, nor for interest upon the amount distributed to himself in excess of that distributed to the others. That portion of section 2714 which he cites as a warrant for this treatment by the administrator of the amount due upon the mortgages as aforesaid reads as follows:

"The naming of a person executor in a will does not operate as a discharge or bequest of any just claim which the testator had against him; but it must be included among the credits and effects of the deceased in the inventory, and the executor shall be liable for the same as for so much money in his hands at the time the debt or demand becomes due, and he must apply and distribute the same in the payment of debts and legacies, and among the next of kin as part of the personal property of the deceased."

After having given careful consideration to the questions involved, and due examination of the briefs of counsel for the respective parties, and the authorities cited by them, I hold and decide: First. The statute above quoted, and upon which the administrator's counsel relies to relieve him of this interest, is not applicable to administrators. Second. Had the statute included administrators, as well as executors, it would not relieve him, and an executor would be chargeable with such interest under the same circumstances. Third. It is not equitable, just, and fair to the other next of kin to absolve him from accounting for such interest.

It will be observed that the language of the Code above quoted specifies executors, and does not refer to administrators. It is a re-enactment of a provision of the Revised Statutes which was originally enacted for the purpose of changing the common-law rule which theretofore prevailed, to the effect that, when a creditor named his debtor as executor of his will, upon the issuing of letters testamentary to him the debt became discharged. No such rule ever prevailed in respect to administrators; hence the statute was not made to apply to administrators. There is no statute of like import in respect to administrators.

In Keegan v. Smith, 33 Misc. Rep. 76, 67 N. Y. Supp. 282, it was said that "the principle embodied in these provisions of the Code is equally applicable to administrators." This is true, but only to the extent of requiring them to account for their own indebtedness to the estate to the same extent and with the same justice and value to the

estate as though the debt or obligation had been that of some person other than the administrator. If the case last referred to holds more than that, it is erroneous; but I do not think it does, or that there is any case that goes farther than that.

In Soverhill v. Suydam, 59 N. Y. 142, it is said that, when an executor has paid out the moneys due from him to the estate in due course of administration, then, and not till then, is his indebtedness discharged. "But before this is done it was not, in our judgment, the intention of the legislature, while preserving the debt, to discharge liens by which it might be secured. Subjecting the executor, as between him and those interested in the estate, to liability for his debt as for so much money in his hands, does not necessarily discharge a lien on real estate by which the debt may be secured. That provision merely superadds to his original obligation a liability to account as executor for the amount of the debt, and was intended to facilitate the administration, and for the benefit of the estate, and not for that of the executor or of his individual creditors who may have subsequent liens upon his property. It certainly would not be so treated in a proceeding of an equitable nature, like the present. That the debt and lien may, under the very terms of the act, exist in their original form after the debtor has entered upon the duties of his office, is apparent."

In Baucus v. Barr, 45 Hun, 587, the court say:

"We are of the opinion that the provision of the statute declaring that a debt due from an executor to the estate shall be treated, in the rendering of his account, as money in hand, must be construed with reference to the ordinary obligation, which imposed on him only diligent, faithful, honest action touching the administration of the estate committed to his charge."

In Baucus v. Stover, 89 N. Y. 5, the court say:

"While the debt must be treated as money in his hands for the purpose of administration, it will not for all purposes stand on the same footing as if he had actually received so much money."

It thus seems certain that it was never intended that the statute, in its application to executors, even, nor the principle of the statute in its application to administrators, should be a law or rule by which some advantage could accrue to a representative debtor which he would not have but for the statute, and by which there would inure to him inequitable benefits over other beneficiaries of the estate. Clearly, such would be the result if the rule contended for by the administrator in this case should prevail.

In re Clark (Sup.) 11 N. Y. Supp. 911 (decided by the general term of this department, Judge Hardin writing the opinion), was a case of two executors, one of whom was indebted to the estate at the time of the testator's death, and the debtor executor did not pay the debt to his coexecutor, or put the money to pay the debt into the funds of the estate; and it was held that such executor was chargeable with interest on such indebtedness down to the time of the accounting. The question of charging the executor with such interest was directly passed upon.

Under the authorities above cited, it is clear that, were this representative an executor, he could not acquire, under the statute or oth-

erwise, this advantage over legatees or other beneficiaries by reason of his indebtedness to the estate; that is, the advantage of having his share of the estate paid at once upon his appointment, by the canceling of his own interest-bearing debt. However, not being an executor, but being an administrator, he cannot have whatever protection (if any) the statute affords to an executor, as the statute was intended to, and does, apply solely to executors, by its terms. The administrator has had the benefit of the interest on these two mortgages. He has not paid them, and therefore has had the use of the money due upon them to the same extent, and same advantage to himself, since the death of his intestate as before, and to the same extent and advantage that would have pertained had his intestate lived until this time. If the money due upon these mortgages is regarded the same as though paid into the estate by him, then in that case he has had the use of the money and benefit of such money to the same advantage to himself as though he had received it, and immediately loaned it out at 5 per cent., and received the interest thereon until this time. A general and underlying principle, which it is always wise to adhere to, and safe to tie to under almost any circumstances, is that a trustee, executor, administrator, or guardian cannot so use the property of the estate he represents as to make any profit or receive any advantage to himself over others interested in the estate. In this case this administrator, in his account as made up by him, clearly received the advantage of the interest accruing upon these mortgages from the time of the intestate's death until distribution over that of his sister, Mrs. Hotchkiss, who is equally entitled with him to share in the assets of the estate. This $1,800 being well invested, and payment of which could be had and declared at any time when the same should be needed for actual distribution by crediting the estate with the amount, and charging the same to Nathan E. Davis' distributive share, it was the duty of the administrator to leave it so invested until required in actual distribution. If, on the other hand, it should be claimed that, because these mortgages were due, the debtor administrator had the right to pay them at any time, then he could only properly discharge them, and stop the running of interest upon them, by actually paying the money into the estate, and thereby increasing the fund on hand for distribution, and placing himself in a position where a distributee equal with himself would have the right to demand a distributive share of this $1,800 and interest.

Under the rule above alluded to,—that an administrator shall not so manage the estate as to make any advantage to himself over other distributees equally entitled,—it is at least doubtful whether he could rightfully distribute moneys to himself in an amount in excess of that distributed to Mrs. Hotchkiss without being liable for the interest on such excess. But I think it is clearer and better to hold that he should account for the interest upon the mortgages from the time of his intestate's death to the entry of the decree herein.

Much more might be said in support of this contention, but the foregoing is sufficient to show that it is equitable and right to charge this administrator with interest upon the mortgages, and that the statute relied upon by him does not relieve him therefrom.

There should be added to Schedule A of the supplemental account the amount of the interest upon $1,800 at 5 per cent. from March 23, 1901, to the time of the entry of the decree herein.

If the respective counsel fail to agree upon a decree in accordance with this decision, the same will be settled by the surrogate upon five days' notice.

Decreed accordingly.