cation that the applicant has no standing in this court to contest the probate of the will.

Application denied.

<hr>

(34 Misc. Rep. 34.)

### In re SCHAEFER'S ESTATE.

(Surrogate's Court, New York County.   February, 1901.)

1. ADMINISTRATORS AND EXECUTORS—ESTATE ASSETS—ACCOUNTING.

   Where executors, who are officers and small stockholders in a corporation entirely owned by testator and his family and his brother, hold a large amount of its stock for the estate, and receive a sum of money from the corporation, ostensibly as a gift, or as extra compensation, but in reality as the profits on the stock represented by them, in accordance with a customary method of the corporation as to the distribution of profits, they must account to the estate for the sum so received.

2. SAME—COMMISSIONS.

   The attempt by the executors to retain such funds will not deprive them of their right to commission, since their controversy as to extra compensation has some foundation.

Proceedings for settlement of account of Edward C. Schaefer and another as executors of Frederick Schaefer.  Exceptions to referee's report.  Report modified and confirmed.

Ashbel P. Fitch, for accountant.

Forster, Hotaling & Klenke, for executor Chattillon, contestant.

Louis C. Raegener and Addison Gardner, for contestants.

Wauhope Lynn and E. W. Tyler, special guardians.

THOMAS, S.   Edward C. Schaefer and George G. Schaefer, two of the accounting executors, were, prior to the death of the testator, and have since continued to be, directors and officers of the Schaefer Brewing Company.  As individuals they hold small interests in the stock of the company; Mr. Edward C. Schaefer owning 500 shares, and Mr. George G. Schaefer owning 250 shares or less.  As executors they hold 2,499 shares.  Their salaries as such officers and directors, fixed by resolution of the board of directors, have been $8,000 per year.  Since the death of the testator the accounting executors have been paid their salaries, and they have also received, from the profits of the company, in excess of their salaries, the aggregate amount of $45,000, which they claim a right to retain as "extra compensation," amounting to $10,000 each for the years 1897 and 1898, and $2,500 each for the year 1899.  It is not pretended that any part of these sums was due to either of them on any contract between either of them and the corporation.  They could not have enforced payment from the corporation, and on the theory that these sums were given to them as compensation over and above their stipulated salaries they were gratuities from the directors of the corporation, paid with its moneys to themselves.  A remedy against them for this conversion to their own use of the moneys of the stockholders of the corporation may or may not exist in some other court.  As to that we may not determine.  But it is competent for us to inquire here as to whether the money, though paid in form by way of gift, or as "extra compensation" for services already fully paid for, was not really and in fact

given to them as a method of dividing profits, and because they represented stock interests. An executor must account for all of the assets of his testator's estate which are in his possession or under his control, and the jurisdiction of this court is sufficient to enable us to probe his transactions with any one, and to adjudge that property acquired by him, either with or without the assertion of his authority as executor, is equitably assets in his hands for distribution. He cannot subdivide himself into parts, and keep for himself as an individual what equity requires that he should hold and distribute as an executor. A careful examination of the testimony on this subject leads me to a different conclusion from that reached by the learned referee. I must reverse and overrule his twentieth finding, and, instead of that finding, I determine that the moneys above specified received by the two named executors from the corporation were not, either in whole or in part, due or owing to them for any services whatever, and that they were paid to them as a method of dividing profits, at the same time that similar payments were made to other officers of the corporation representing similar amounts of stock, the owners of which stock did not object to and approved of such a method of apportioning profits; and that they received such payments as representing one-half of the entire stock of the corporation, including the stock held by them as executors, the stock held by them as individuals, and the other small stock interests which had been derived directly or indirectly from the testator. The proof is that the Schaefer Brewing Company was created by the testator, Frederick Schaefer, and his brother, Maximilian Schaefer, who owned equal interests, and that the stock originally owned by them, though in part shared by them with their children, was always kept so that the two families shared with substantial equality in the large profits realized from the business. Any variation from exact equality was consented to. So long as the two brothers lived, and the families were harmonious, the large sums distributed and divided between the families by common consent were not improper. It is even now proper for those of the stockholders who approve to continue the same methods; but the executors of the testator may not, contrary to the protest of the beneficiaries under their father's will, retain for themselves what they equitably should share with the persons now entitled to the stock. The decree to be entered will direct an apportionment of the moneys so received as "extra compensation" so that the stock held by the executors as such shall receive its fair proportion as profits of the corporation. It is conceded that the referee made a mistake in stating the account by omitting to deduct from the capital the amounts which he has added to the income. The exception filed to point out this error will be sustained. In all other respects the report of the referee is confirmed. The executors will be awarded commissions, since the controversy concerning extra compensation had some excuse in the earlier management of the corporation, and the other matters in which they are overruled concern differences not inconsistent with honesty of purpose on their part. They and all other parties will also be awarded taxable costs, to be paid out of the estate.

Decreed accordingly.