---

(40 Misc. Rep. 67.)

## In re BRINTNALL.

(Surrogate's Court, Rensselaer County. February, 1903.)

1. EXECUTOR—ASSETS—MONEY.

On the day before her death a woman made a will, and gave to the person therein named as executor certain money, which he deposited in his bank account and spent before the will was proved. He made no claim to the money as a gift. *Held*, that he was liable for the amount of the fund, less disbursements and legal interest.

2. SAME—COMMISSIONS.

Neglect of duty will not deprive an executor of his commissions, and if he owes the estate they will be applied on his debt.

In the matter of the accounts of Charles S. Brintnall, executor of Catharine Toohey, deceased. Decree rendered.

Charles S. Brintnall, in pro. per.

Toohey & Hickey (John T. Norton, of counsel), for legatees.

Calvin S. McChesney, for bondsmen on official bond of executor.

James W. Coffey, for Catherine Shea, a creditor.

¶ 2. See Executors and Administrators, vol. 22, Cent. Dig. § 2132.

HEATON, S. Judicial settlement of executor's accounts. The facts are the same as when the residuary legatees applied under section 2722 of the Code of Civil Procedure for an order directing payment on account of their residuary shares, with the additional facts now proved that, when the executor withdrew the funds from the bank on the order of Mrs. Toohey before her death, he immediately deposited substantially all of such money in the same bank in his own name, and that such money so deposited was all drawn and spent by the executor before the will of the deceased was probated.

We then have this state of facts: A person named as executor in a will is given, at the same time when the will is executed, a bank book, and an order upon a savings bank authorizing him to draw all the fund on deposit, which is practically the maker's whole estate. On the next morning he presents the book and order, and is paid such moneys, and immediately deposits them in the same bank in his own name. The testatrix dies in the afternoon of the same day. Is the executor accountable for such money?

If the acts of the parties established a gift of the bank book and deposit, then surely the same was fully executed and the money in the actual possession of the donee before the death of testatrix, and the executor could not be charged therewith on this accounting. Matter of Kellogg, 104 N. Y. 648, 10 N. E. 152. There is no claim by the executor that the money was a gift, and there is no evidence in the case tending to prove a gift.

The executor admits that he is liable for the money so withdrawn by him, but claims that he is liable as a debtor, and not as executor.

The facts as proved here do not establish a loan, and therefore the executor cannot stand to the legatees in the relation of a simple debtor to the estate. The fund came rightfully into his possession before the death of the testatrix. But if the transaction was neither a gift nor a loan, then the money still remained the money of the testatrix, notwithstanding the transfer of the same to the person she had just nominated as her executor. Had he squandered it before her death, perhaps a different question would present itself for solution. But the evidence is that practically the whole fund was in his possession at the time of her death, and, by whatever means it came to him, it was then his duty as her nominated executor to preserve it for distribution at the proper time according to the directions of her will. If it was her money in his possession, he must now account for it, and if it was a debt due from him he must still account for it (Code Civ. Proc. § 2714), together with interest at 6 per cent. Matter of Davis, 37 Misc. Rep. 326, 75 N. Y. Supp. 493. The surrogate has jurisdiction to determine this question upon an accounting. Merchant v. Merchant, 2 Bradf. Sur. 432.

An executor must account for all of the assets of his testator's estate which are in his possession or under his control, and the jurisdiction of this court is sufficient to enable us to probe his transactions with any one, and to adjudge that property acquired by him, either with or without the assertion of his authority as executor, is equitably assets in his hands for distribution. Matter of Schaefer's Estate, 34 Misc. Rep. 34, 69 N. Y. Supp. 489.

.In many points this case is similar to Matter of Ammarell, 38 Misc. Rep. 399, 77 N. Y. Supp. 932, where an executor was surcharged with certain bonds and mortgages assigned to him by the deceased.

It appears from the account and vouchers that the account should be adjusted as follows:

| | | |
|---|---|---|
| Bank deposit charged to executor | | $1,074 75 |
| Household furniture charged to executor | | 30 00 |
| Total | | $1,104 75 |
| Household furniture delivered to legatees | $ 30 00 | |
| Funeral expenses paid | 147 74 | |
| Debts paid | 95 75 | |
| | | 273 49 |

(These payments were made from time to time to August 12, 1899.)
Balance charged to executor........................ $ 831 26

To which add interest at 6 per cent. from August 12, 1899, to date, and deduct commissions on the total amount of the estate, including the interest, less $30, value of specific articles bequeathed.

Neglect of duty will not deprive an executor of commissions, but, if he owes the estate, the same must be applied upon his debt. Ward v. Ford, 4 Redf. Sur. 34.

Let the executor be credited with actual disbursements for serving citations on this accounting.

Mrs. Shea, an alleged creditor, appears on this accounting and presents a claim of $93.75 for rent of premises, consisting of three rooms, at $4.50 a month, occupied by the executor, containing the household furniture, etc., bequeathed to the residuary legatees. Mrs. Toohey died in January, and the rent of the tenement for about two months prior to her death, and until August following, has been paid by the executor. The present claim is for rent from August 15, 1899, to May 10, 1901, when the executor was evicted. No objection is made to the payment of rent for six months, and it would seem that such a length of time was sufficient for the person named as executor to procure the probate of the will or remove the goods to a less expensive place of storage. But this claim has not in fact been paid, and therefore it cannot be allowed to the executor on this accounting. Code Civ. Proc. § 2730; Matter of Blair, 49 App. Div. 417, 63 N. Y. Supp. 678. Let a decree be entered accordingly.

Decreed accordingly.